UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO FINANCIAL NEVADA 2, INC.<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC; LAUREL CANYON HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation; ALLESSI & KOENIG, LLC, a Nevada limited liability corporation;<br><br>Defendants. | Case No. 2:15-cv-748-APG-GWF<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>(Dkt. #17) |

Defendant Laurel Canyon Homeowners' Association moves to dismiss Wells Fargo's claims on the ground that, according to Nevada Revised Statutes § 38.310, those claims first must be submitted to mediation. But the mediation provision in § 38.310 is designed for disputes between homeowners and homeowners associations—not disputes between beneficiaries of deeds of trust (which Wells Fargo is) and homeowners associations. In addition, Wells Fargo is trying to quiet title, so it is therefore exempt from the mediation requirements of § 38.310. Accordingly, I deny Laurel Canyon's motion to dismiss.

**I.  BACKGROUND**

Wells Fargo is the beneficiary of the first deed of trust encumbering a house at 3768 Prairie Orchid Avenue in Las Vegas, Nevada. (Dkt. #1 at ¶¶ 1, 11.) When the owner of the property defaulted on her obligation to pay HOA fees to Laurel Canyon, Laurel Canyon started foreclosure proceedings. (*Id.* at ¶ 15.) At a non-judicial foreclosure sale in January 2013, SFR submitted the winning bid of $8,400. (*Id.* at ¶ 22.)

Wells Fargo alleges that it was never given adequate notice of the foreclosure proceedings and that the Nevada statute that authorized Laurel Canyon to initiate foreclosure is

unconstitutional. It brings several claims for declaratory relief as well as one claim for wrongful foreclosure and another claim for intentional interference of contract. (*Id.* at ¶¶ 34–84.)

## II.  DISCUSSION

Laurel Canyon moves to dismiss Wells Fargo claims on the ground that this court lacks jurisdiction. In its view, many of the claims require the interpretation, application, or enforcement of the CC&Rs, which would mean that all of them would first have to be submitted to mediation through the Nevada Real Estate Department, pursuant to Nev. Rev. Stat. § 38.310.

I rejected a similar argument in *Bank of America v. SFR Investments*, Case No. 2:15-cv-1042-APG-PAL, 2015 WL 6163452 (D. Nev. Oct. 19, 2015). I focused on how there is no indication that § 38.310 applies to beneficiaries of deeds of trust, a point Judge Jones noted in *U.S. Bank Nat. Ass'n v. NV Eagles, LLC*: "The statute" he held, "clearly applies to homeowners who are in disagreement with their HOAs regarding the interpretation and effect of applicable CC&Rs." Case No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (citing *Hamm v. Arrowcreek Homeowner's Ass'n*, 183 P.3d 895, 900 (Nev. 2008)). Legislative history supports this holding. At the initial legislative hearing, the statute's prime sponsor described its purpose:

> Mr. Schneider, the prime sponsor of [the statute], stated it is a form of dispute resolution which developed as a result of his working closely with property management associations. Over the past year, he has been privy to problems arising in the associations for the homeowners, by the homeowners. The associations have developed their own constitutions which are referred to as covenants, conditions, and restrictions (CC&Rs). Although these associations have flourished and existed with encouragement, there are personality problems and management problems between the board and the residents. As a result, many lawsuits are being filed which could be resolved in some sort of dispute resolution such as arbitration. Dispute resolution may bring about results in 30 to 45 days rather than the years it takes [for] a lawsuit to proceed through District Court.[1]

Nowhere is there any mention of beneficiaries of deeds of trust. Instead, the statute targets disputes "between the board and the residents." Case No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3.

---

[1] http://www.leg.state.nv.us/Session/68th1995/minutes/AJD214.txt. (Minutes of Meeting of Assembly Judiciary Committee: February 14th, 1995.)

Just as Judge Jones ruled in *NV Eagles*, "[t]his case is not based upon an interpretation of the HOA's CC&Rs, and any interpretation thereof required to resolve the dispute between [Wells Fargo] and the various Defendants is ancillary to the issue of paramount concern: was [Well Fargo's] deed of trust extinguished by the HOA's foreclosure sale?" Moreover, the Supreme Court of Nevada has held that quiet title actions are exempt from § 38.310 because a quiet title claim requires the court to determine who holds superior title to a particular parcel of land. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). Section 38.310 is therefore not a barrier to Wells Fargo's effort to quiet title to the subject property.

Laurel Canyon also argues that it is not a proper party to Wells Fargo's quiet title claim because it no longer holds title to the property. As a result of the foreclosure, its interest was purchased by SFR. But central to Wells Fargo's complaint is the allegation that the foreclosure was invalid. (*See* Dkt. #1 at ¶ 24.) Wells Fargo challenges the validity of the sale Laurel Canyon initiated and the corresponding nature and scope of the title SFR eventually purchased. If the foreclosure sale is invalidated, Laurel Canyon's lien might be reinstated as an encumbrance against the property, which means the priority of that lien is still in doubt. Thus, if Laurel Canyon were dismissed as a party, Wells Fargo would not be able to secure the complete relief it seeks. Accordingly, Laurel Canyon is a proper party, and its motion to dismiss is denied.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Laurel Canyon's motion to dismiss **(Dkt. #17) is DENIED.**

DATED this 30th day of October, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE